NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3099

JAMES EDWARDS, III,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: May 5, 2006

_____

Before NEWMAN, MAYER, and RADER, Circuit Judges.

PER CURIAM.

James Edwards, III appeals from the final decision of the Merit Systems Protection Board, which affirmed the arbitrator's denial of his grievance challenging his removal. Edwards v. Dep't of Veterans Affairs, CB7121050016-V-1 (MSPB Oct. 31, 2005). We affirm.

We must affirm the board's decision unless it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial

evidence. See 5 U.S.C. § 7703(c) (2000). Edwards contends that the arbitrator improperly applied 29 C.F.R. § 825.208(e)(1) instead of 5 C.F.R. § 630.1207(h) in determining the deadline for submitting medical documentation. We agree with the board that Title 5, not Title 29, applies here, but we also note that the subsections cited by Edwards concern different deadlines: 29 C.F.R. § 825.208(e)(1) addresses when leave under the Family Medical Leave Act ("FMLA") must be invoked, whereas 5 C.F.R. § 630.1207(h) concerns when medical documentation must be submitted. However, any error resulting from the misapplication of Title 29 was harmless because the arbitrator and board found that Edwards had not presented medical certification for all of his unexcused absences.

The board observed that when the arbitration was held seven months after Edwards returned to work, he still had not submitted medical certification for certain unexcused dates. However, Edwards cites a letter from his physician, dated ten days after his removal, providing that he underwent multiple inpatient treatments for chemical dependency spanning the unexcused absences. Unless the arbitrator or board implicitly considered the letter and found that it did not qualify as medical certification under 5 C.F.R. § 630.1207(b), we believe the board's observation that he had not submitted any certification was in error. However, we need not address whether the letter satisfied the requirements of section 630.1207(b), because it was submitted well beyond the deadline for submitting such certification, see § 630.1207(h), and the arbitrator would not have erred in declining to consider it. The department did consider the medical documentation that Edwards submitted prior to his removal, and it changed some of his absences from "absent without leave" to "leave without pay" in light of his

submissions. Moreover, although the department found the documentation submitted by Edwards inadequate to excuse some of his absences, it was under no duty to request additional documentation.

Edwards also argues that the board "imposed an improperly high standard for providing medical documentation." However we find nothing in the record to indicate that the burden placed upon him was legally improper.